**YOUNG LORDS PARTY, et al., Plaintiffs,**

v.

**The SUPREME COURT OF the STATE OF NEW YORK, Appellate Division, First Department, et al., Defendants.**

70 Civ. 5179.

United States District Court,
S. D. New York.
May 19, 1971.

Rabinowitz, Boudin & Standard, New York City, for plaintiffs; Victor Rabinowitz, New York City, of counsel.

Melvin Wulf, New York City, for plaintiff A.C.L.U. Foundation, Inc. and War Resisters League.

Mary Kauffman, New York City, for plaintiff Young Lords Party.

Lubell, Lubell, Fine & Schaap, New York City, for plaintiff New York City Chapter of the National Lawyers Guild; David Rosenberg, New York City, of counsel.

Sipser, Weinstock, Weinmann & Isner, New York City, for plaintiff Local 1199, Drug & Hospital Union, AFL–CIO.

Ralph Shapiro, New York City, for plaintiff Mass Defense Office.

Nancy Stearns, James Reif, New York City, for plaintiff Center for Constitutional Rights, Inc.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for defendants; Daniel M. Cohen, Asst. Atty. Gen., of counsel.

Davis Polk & Wardwell, New York City, for defendants; Lawrence E. Walsh, George A. Brownell, Guy M. Struve, New York City, of counsel.

Before FEINBERG, Circuit Judge, TYLER and WYATT, District Judges.

PER CURIAM:

This is a motion by plaintiffs for a preliminary injunction (Fed.R.Civ.P. 65) restraining defendants "from enforcing New York Judicial [Judiciary] Law § 495(5) by and through Part 608 of the Rules of the Supreme Court of the State of New York, Appellate Division, First Department". The motion must be denied.

Section 495 of the Judiciary Law, McKinney's Consol.Laws, c. 30, is a general prohibition against the practice of law by corporations and voluntary associations. Subdivision 5, however, provides among other things that such general prohibition shall not apply "to organizations organized for benevolent or charitable purposes, or for the purpose of assisting persons without means in the pursuit of any civil remedy, whose existence, organization or incorporation may be approved by the appellate division of the supreme court of the department in which the principal office of such corporation or voluntary association may be located."

Part 608 of the Rules of the Appellate Division, First Department, contain those rules governing approval by that Appellate Division under the quoted provision of subdivision 5.

A motion to convene a three-judge court (28 U.S.C. § 2281) was granted by order of Judge Wyatt, with memorandum opinion, filed February 10, 1971. This Court was thereafter convened and constituted (28 U.S.C. § 2284).

There are eleven plaintiffs. Some of them, such as National Emergency Civil Liberties Committee, are corporations or voluntary associations which among other things promote or assist civil and criminal litigation on behalf of their declared purposes. They call themselves "Legal Rights Organizations". Other plaintiffs, such as Young Lords Party, have received or hope to receive legal assistance from one or more of the Legal Rights Organizations. They call themselves "beneficiary organizations".

The defendants are the individual justices of the Appellate Division, First Department, named as such, and also "The Supreme Court of the State of

New York, Appellate Division, First Department".

The complaint is principally for an injunction to restrain the enforcement of the Part 608 rules and thus the implementation by them of Judiciary Law § 495(5). The complaint asserts that the Part 608 rules are unconstitutional in many respects, primarily as denial of free speech, free association, and the equal protection of the law.

The relevant provision of Judiciary Law § 495(5) has been part of the law of New York since September 1, 1909. It was originally a part of the Penal Law (§ 280), transferred to the Judiciary Law, effective September 1, 1967 (L.1965, c. 1031, § 131).

Part 608 of the Rules of the Appellate Division, First Department, was adopted on May 20, 1970. Before that time, there had been no applicable rules and petitioners for approval apparently drafted their petitions as best they could. In November 1966, the opinion in Application of Community Action for Legal Services, Inc., 26 A.D.2d 354, 274 N.Y.S.2d 779 (1st Dept., 1966) laid down many principles which could thereafter guide petitioners in the First Department.

The adoption of Part 608 as rules generally applicable was due to a sharp increase in the number of petitions by corporations for approval under Judiciary Law § 495(5). This increase was doubtless in large part a result of the passage of the Economic Opportunity Act of 1964, 42 U.S.C. §§ 2701–2924, which included provision for federal funding of legal assistance to the poor (see 42 U.S.C. § 2809(a) (3)).

We do not reach the constitutional arguments pressed so ardently and ably for movants. We do not reach these arguments because counsel for defendants has represented that at least partial, and perhaps full, resolution of the controversy may be accomplished if plaintiff Legal Rights Organizations apply to the Appellate Division for approval under Part 608 and for such exceptions for their activities as they believe are necessary.

In determining whether to approve the "existence, organization or incorporation" of a petitioner corporation under Judiciary Law § 495(5), the appellate divisions of the supreme court act in a legislative or, as it is now usually phrased, in an administrative capacity. Whether there can be an appeal to the Court of Appeals from the approval or disapproval of an appellate division, need not now be decided. See CPLR § 5601; Matter of Co-operative Law Co., 198 N.Y. 479, 92 N.E. 15 (1910). In any event, the determinations under Judiciary Law § 495(5) of an appellate division or of the Court of Appeals are "legislative in their nature, and none the less so that they have taken place with a body which at another moment, or in its principal or dominant aspect, is a court * * *". Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 226, 29 S.Ct. 67, 69, 53 L.Ed. 150 (1908).

There is every reason to believe that the Appellate Division will respect all the constitutional rights of plaintiffs. No approval has been refused to any plaintiff. In fact, on June 27, 1966, the Appellate Division did approve the petition of plaintiff A.C.L.U. Foundation, Inc. The other plaintiff "Legal Rights Organizations" have never attempted to secure the approval of the Appellate Division.

It must be noted in this connection that all, or nearly all, of the restrictions in Part 608 of which plaintiffs complain are subject to exception if "specifically provided in the order of the Appellate Division". There is a requirement (§ 608.6) that at least two-thirds of the directors must be lawyers but this is immediately followed by a provision that this requirement "may be modified by order of this Court where such modification is required in the discretion of the court".

That the Appellate Division invites applications for approval and for excep-

tions from plaintiff Legal Rights Organizations and that these would be considered sympathetically was made clear by counsel for defendants at the hearing of this motion on March 25, 1971. It is thus appropriate for this statutory Court to stay its hand to permit defendants to consider, and perhaps resolve, the constitutional issues raised in this complaint. No harm is foreseeable to plaintiffs since counsel for defendants represented at the hearing that the Appellate Division will not seek to impose any sanctions on plaintiffs until thirty days after final disposition of this action.

In view of the provisions of the rules themselves and of the attitude of the defendants, expressed in briefs and at oral argument, we feel it a wise exercise of discretion to withhold action until plaintiffs have made further effort to resolve these questions with the Appellate Division.

The motion for a preliminary injunction is denied.

So ordered.