**YOUNG LORDS PARTY et al.,**
**Plaintiffs,**

v.

**The SUPREME COURT OF the STATE OF NEW YORK, Appellate Division, First Department, et al., Defendants.**

**No. 70 Civ. 5179.**

United States District Court,
S. D. New York.

June 21, 1973.

Victor Rabinowitz, Rabinowitz, Boudin & Standard, New York City, for plaintiffs; Herbert Jordan, David Rosenberg, New York City, of counsel.

Melvin L. Wulf, New York City, for plaintiff A.C.L.U. Foundation, Inc. and War Resisters League.

Mary Kauffman, New York City, for plaintiff Young Lords Party, % Ralph Shapiro.

Cohn, Glickstein, Lurie, Ostrin & Lubell, New York City, for plaintiff New York City Chapter of National Lawyers Guild.

Sipser, Weinstock, Harper & Dorn, New York City, for plaintiff Local 1199, Drug & Hospital Union, AFL–CIO.

Nancy Stearns, James Reif, New York City, for plaintiff Center for Constitutional Rights, Inc.

Louis J. Lefkowitz, Atty. Gen., New York City, for defendants; Daniel M. Cohen, New York City, of counsel.

Davis, Polk & Wardwell, New York City, for defendants; Lawrence E. Walsh, George A. Brownell, Guy Miller Struve, New York City, of counsel.

Before FEINBERG, Circuit Judge, and TYLER and WYATT, District Judges.

PER CURIAM:

Over two years ago. we denied plaintiffs' motion for a preliminary injunction restraining the enforcement of New York Judiciary Law, McKinney's Consol. Laws c. 30, § 495(5) as implemented through Part 608 of the Rules of the Supreme Court of the State of New York, Appellate Division, First Department. 328 F.Supp. 66 (S.D.N.Y.1971). The procedural history of the case, the identity of the parties to the lawsuit, and the nature of the constitutional claims pressed are all set out in our prior opinion. Plaintiffs now move for summary judgment on their prayers for declaratory and final injunctive relief. We deny the motion and direct dismissal of the complaint.

In our previous decision (328 F.Supp. at 68), we pointed out that

> counsel for defendants has represented that at least partial, and perhaps full, resolution of the controversy may be accomplished if plaintiff Legal Rights Organizations apply to the Appellate Division for approval under Part 608 and for such exceptions for their activities as they believe are necessary.

We observed that in passing on applications by plaintiffs and any others similarly situated, the Appellate Division acted in a distinctly administrative capacity. We then examined the provisions of the rules, emphasized the possible flexibility in applying them and pointedly stated that "the Appellate Division invites applications for approval and for exceptions" from plaintiffs (328 F.Supp. at 68–69). We also noted at the same place that:

> No harm is foreseeable to plaintiffs since . . . the Appellate Division will not seek to impose any sanctions on plaintiffs until thirty days after final disposition of this action.

Finally, we held that:

> In view of the provisions of the rules themselves and of the attitude of the defendants, expressed in briefs and at oral argument, we feel it a wise exercise of discretion to withhold action until plaintiffs have made further effort to resolve these questions with the Appellate Division.

Accordingly, we declined to reach the merits of plaintiffs' constitutional claims.

Notwithstanding our clear expression that plaintiffs should apply to the Appellate Division "for approval and for . . . exceptions" before we would consider the constitutional issues raised, plaintiffs have made no applications in the intervening two-year period. Instead, they have simply inquired of the clerk of the Appellate Division, First Department, "whether defendants still insisted that plaintiffs are subject to the Part 608 approval process." (Memorandum in Support of Motion for Summary Judgment, at 10–11). Defendants, through the clerk of the court, have twice reaffirmed their belief that plaintiffs were so subject. In short, plaintiffs have not satisfied the condition which we imposed for a consideration of their constitutional claims; they have thus persisted in exactly the same attitude which they took before the matter was decided by us two years ago. On the other hand, plaintiffs took no appeal from our denial of a preliminary injunction. Under these circumstances, we adhere to our earlier holding and deny plaintiffs' motion for summary judgment.

Under the situation which now obtains, unchanged since our earlier decision, we believe that the better course is to dismiss the complaint. This is without prejudice to the commencement of an action after the plaintiffs have followed the course our earlier opinion suggested.

The Clerk is directed to enter judgment dismissing the complaint. On this disposition of the action, it is unnecessary to rule upon the motion for summary judgment made orally by defendants at the argument.

So ordered.